UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHN ROCHA, as an individual and on behalf of all other similarly situated non-exempt and current employees,**<br><br>**Plaintiff**<br><br>v.<br><br>**MCDONALDS'S RESTAURANTS OF CALIFORNIA, INC., et cet.,**<br><br>**Defendants** | CASE NO. 1:18-CV-1550 AWI SAB<br><br>ORDER REGARDING RULE 41(a)(1) STIPULATION<br><br>(Doc. No. 7) |

This is a putative class action lawsuit brought by Plaintiff John Rocha ("Rocha") against Defendants McDondald's Restaurants of California, Inc. and McDonald's USA, LLC ("McDonalds"). On December 2, 2020, the parties filed a Rule 41(a)(1)(A)(ii) stipulation to dismiss this matter with prejudice. See Doc. No. 7. The stipulation states that there was a negotiated settlement in a state court class action case in Los Angeles County (*Sanchez v. McDonald's Restaurants of California* BC499888), the stipulation was reached on October 5, 2020, and that Rocha is a member of the *Sanchez* class.

Generally, Fed. R. Civ. P. 23(e) requires court to approve a proposed voluntary dismissal of a class claim even before the class has been certified. See Choo v. Wellnx Life Scis., Inc., 2019 U.S. Dist. LEXIS 181959, *2 (E.D. Cal. Oct. 18, 2019); see also Diaz v. Trust Territory of Pac. Islands, 876 F.2d 1401, 1408 (9th Cir. 1989). However, the stipulation indicates that the *Sanchez* case likely encompasses the class claims made in this case. At minimum, the stipulation clearly shows that all claims by Rocha, the only class representative named, are now moot.

The Ninth Circuit has held that a "suit brought as a class action must as a general rule be dismissed for mootness when the personal claims of all named plaintiffs are satisfied and no class has been properly certified." Employers-Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Anchor Capital Advisors, 498 F.3d 920, 924 (9th Cir. 2007); see also Kuahulu v. Employers Ins. of Wausau, 557 F.2d 1334, 1336-37 (9th Cir. 1977). Here, no class has been certified, nor has a motion to certify a class been filed. Given the *Sanchez* class action, the Court is unaware of any reason why the general rule of *Employers-Teamsters* should not apply. Therefore, because Rocha's claims are moot, the Court will not require any additional briefing prior to voluntary dismissal. Instead, the Court recognizes the stipulation and will order the Clerk to close this matter.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that, in light of the parties Rule 41(a)(1) stipulation for dismissal (Doc. No. 7), and the settlement reached in the *Sanchez* class action, this case has terminated, and the Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated:   December 15, 2020                            _____
                                                      SENIOR  DISTRICT  JUDGE